THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02417-WYD-MEH

KELLY STEVENS,

    Plaintiff,

v.

KING SOOPERS, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

The parties, having appeared before the Court and having shown good cause for the entry of a protective order, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado.

2. "Confidential Information" as used in this Order shall include all documents and information concerning the confidential personal, medical, business, financial or proprietary information of the parties, and information concerning the employment, compensation, or employment history of any of Defendant's current or former employees.

3. The parties shall not use any Confidential Information for any purpose other than the preparation and trial of this case. The parties shall not disclose Confidential Information to anyone except those listed in paragraphs 4(a) through 4(h).

4. Documents designated as containing Confidential Information shall not, without the consent of the party producing it or further order of this Court, be disclosed except that such documents may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including the representatives for Defendant;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees;

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. Counsel shall provide any expert witness or consultants with a copy of this Protective Order and obtain from such persons a written acknowledgment stating that they have

read this Protective Order and agree to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as containing Confidential Information and shall be subject to the provisions of this Protective Order. Such designation may be made in writing in advance of a deposition or otherwise shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within sixty (60) days after notice by the court reporter of the completion of the transcript.

7. If a party objects to the designation of certain information as Confidential Information, that party shall promptly inform the other party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the objecting party may move for a disclosure order consistent with this Protective Order. Any motion for disclosure shall be filed within fourteen (14) days of receipt by counsel of notice of the objecting party's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. If the objecting party fails to file such a motion within the prescribed time, the disputed information shall retain its designation as Confidential Information and shall thereafter be treated

as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party seeking to have the information designated as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

8. In the event Confidential Information is used in any filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.

9. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

10. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

11. Nothing in this Order shall affect Defendant's right to make any legitimate use of its own business records, including personnel records.

12. Nothing in this Order shall restrict the right of any party to move the Court for additional protection for Confidential Information or for the protection of additional categories of documents, materials or information.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 27th day of March, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge